IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARCON INC., et al,  )  | |
| )  | |
| Plaintiff,  )  | Case No. MC08-6562-S-EJL |
| )  | |
| vs.  )  | ORDER ADOPTING REPORT |
| )  | AND RECOMMENDATION |
| )  | |
| UNITED STATES OF AMERICA,  )  | |
| )  | |
| Defendant.  )  | |
| )  | |

On November 19, 2009, United States Magistrate Ronald E. Bush issued his Order and Report and Recommendation in this matter. Docket No. 18. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. Petitioners filed their objections on December 7, 2009. Docket No. 19. Respondent filed its response to the objections on December 17, 2009. Docket No. 20. On December 22, 2009, the Petitioners filed a reply to the Respondent's response. Docket No. 21. The applicable federal rules, local rules and statutes do not provide for a reply to be filed[1] and leave of the Court should have been sought in order to allow the filing of the reply. However, in the interests of justice and to avoid further delay, the Court considered the reply filed by Petitioners.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be

---

[1] Fed. R. Civ. P. 72(b)(2); Dist. Idaho Loc. Civ. R. 72.1(b); and 28 U. S. C. § 636(b)(1).

ORDER - Page 1
10ORDERS\MARCON_RNR

exercised unless requested by the parties." *Peretz*, 501 U.S. at 939, (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Based on the objections filed in this case, the Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b).

## Background

The Court adopts and incorporates by reference the factual background as set forth in the Report and Recommendation on pages 1-3:

> Respondent, the United States of America, through the Internal Revenue Service ("IRS"), is examining the income tax liabilities of Petitioner MarCon, Inc. ("MarCon") for the tax years 2005 and 2006. Becker Decl. ¶ 3 (Docket No.13). IRS agent Charlie Becker is leading the examination. Agent Becker has issued five summonses to facilitate his examination; Petitioners challenge only the final summons issued on December 2, 2008 to Bank of the Cascades (the "December Summons").
> Petitioner Elaine Martin is president and majority shareholder of MarCon, a Subchapter S corporation in Meridian, Idaho, in the business of highway construction and reconstruction. Becker Decl. at ¶ 2; Petition, ¶ 4 (Docket No. 1).
> In July 2008, a confidential witness told Agent Becker that MarCon was depositing, in an account at Farmers and Merchants State Bank (now Bank of the Cascades ("Cascades")), revenues it received from certain scrap metal sales and not reporting the revenue as income. Becker Decl. at ¶ 4; Petition, ¶ 4.
> On July 9, 2008, the IRS issued an administrative summons ("the July Summons") to Cascades requesting "a listing of all accounts held in the name of and/or for the benefit of" MarCon during 2005. Becker Decl. ¶ 5 & Ex. 1. Petitioners allege that the IRS also simultaneously issued similar summonses to three other banks: Wells Fargo Bank, US Bank, and Idaho Independent Bank. Petition, ¶ 5 (Docket No. 1). The United States does not dispute that Petitioners received no notice of these July Summonses, but instead argues that the IRS was not required to provide notice.
> On December 2, 2008, Agent Becker issued a second summons to Cascades. Becker Decl. ¶ 6. The December Summons requested from Cascades all records of all accounts, all loans made and applied for, all credit or debit cards issued, and all "Private Banking" agreements between Cascades and MarCon or Ms. Martin, from December 1, 2003 through January 31, 2007. Petition, Ex. A.
> Petitioners seek to quash the December Summons, arguing that (1) the initial July Summonses were illegal and violated Petitioner's Fourth Amendment rights, (2) the IRS failed to provide notice to MarCon of the July Summonses, (3) the December Summons was based on the improper July Summonses and was thus issued in bad faith, (4) the December Summons is

overly broad, and (5) the December Summons was issued for the improper purpose of a criminal investigation. Petition, pp. 4-14; Petitioner's Response, pp. 15-16 (Docket No. 16). Petitioners also request an evidentiary hearing.

The United States seeks to summarily deny the Petition to Quash the IRS Summons. The United States maintains that the December Summons was issued in good faith and is enforceable because (1) notice was not required for the July Summons that only verified whether any account at Cascades was kept for MarCon, (2) the December Summons meets all procedural and good faith requirements, and (3) the IRS is not investigating Petitioners for criminal prosecution purposes. Mot. to Summarily Deny Pet. to Quash, pp. 4-11 (Docket No. 12).

In the Report and Recommendation, Judge Bush recommends the petition to quash the IRS summon be dismissed. Judge Bush determined that Petitioners were not entitled to notice of the July Summons and that the July Summons did not provide a basis for challenging the December Summons. Petitioners object to the Report and Recommendation arguing that Judge Bush failed to address or consider evidence that the IRS possessed the Cascades account information prior to issuance of the July Summons and a limited evidentiary hearing is warranted to address whether the IRS acted in bad faith. The Court will address each objection.

## Objections

Petitioners claim the IRS had information on the Cascades bank account before it issued the July Summons and therefore acted in bad faith in issuing the July Summons without informing Petitioners. If the July Summons was issued in bad faith, then Petitioners argue pursuant to the factors from *United States v. Powell*, 379 U.S. 48, 57 (1964) have not been satisfied and the December Summons should be quashed as fruit of the poisonous tree.

The Magistrate Judge set forth the proper legal standard for evaluating if an IRS summons should be enforceable:

> Under *Powell*, IRS summonses are enforceable when the United States presents a prima facie case for enforcement and the taxpayer fails to establish an adequate defense. *Id*. at 57-58. A case for enforcement is established upon a showing that:
> (1) the summons was issued for a legitimate purpose;
> (2) the summoned information may be relevant to that purpose;
> (3) the information sought is not already within the IRS's possession; and

>    (4) the administrative steps required by the IRS for issuance and service of the summons have been followed, including providing notice to the taxpayer where required. *Id*.

Report and Recommendation at 3-4.

In examining the Declaration of IRS Revenue Agent Charlie Becker, Docket No. 13, the Court finds the Petitioners are misapplying the facts presented. Agent Becker indicates in ¶ 4:

> In July 2008, a confidential witness approached me purporting to have knowledge of Marcon's allegedly improper revenue recognition of its scrap metal sales. More specifically, the witness told me that Marcon was depositing the revenues it received from certain of its scrap metal sales into an account at Bank of the Cascades (previously doing business as "Farmers and Merchants Bank") [hereinafter referred to as "Cascades"], and not reporting those revenues as income. According to the witness, the Cascades account was held in Marcon's name, but the address associated with that account was Martin's personal address. The witness also reported that Martin had been improperly reporting Marcon's scrap sale revenues for many years. The witness – for only a very brief moment – showed me a cancelled check, and would not let me copy or keep the check. The cancelled check was from an account held at Cascades.

In reviewing this paragraph and the declaration as a whole, the Court finds the IRS agent adequately explained his need for the July Summons to confirm the existence of an alleged MarCon account at Cascades. The agent did not get a chance to review the cancelled check in detail as he was only shown the check "for a only a very brief moment." While the IRS agent had information from a confidential witness regarding the alleged existence of an account at Cascades, the record does not establish the IRS agent knew the Cascades account number based on his brief examination of a cancelled check or had other confirmation of the account from a source other than the confidential witness.

Moreover, the declaration indicates the IRS agent was not allowed to copy or keep the canceled check. An IRS agent is not acting in bad faith if such agent issues a summons regarding the "existence" of an account to corroborate the allegations of confidential witness. The method to corroborate the existence of the accounts was the July Summons and that is a reasonable and lawful use of an IRS summons as set forth by *Powell*. The Court finds the first three of *Powell* factors have been satisfied: legitimate purpose for the summons which

sought relevant information that was not within the possession of the IRS. This first objection is denied.

Next, Petitioners object to the fourth *Powell* factor, claiming the IRS had a duty to notify Petitioners when it issued the July Summons and received information on the MarCon account at Cascades. The Court respectfully disagrees with Petitioners. The fourth *Powell* factor requires "the administrative steps required by the IRS for issuance and service of the summons have been followed, including providing notice to the taxpayer where required." In this case, notice to the taxpayer for the information the IRS was requesting was not required. In ¶ 5 Agent Becker states:

> On July 9, 2008, I issued a Summons to Cascades. (hereinafter, "the July Summons"). I certify that attached hereto as Exhibit 1 is a true and correct copy of the July Summons. The July Summons asked Cascades to provide a listing of all accounts held by Marcon. In response to the July Summons, Cascades informed the IRS that Marcon held a direct deposit account there. Cascades did not provide the IRS with any banking records; it only confirmed the existence of an account. I certify that attached hereto as Exhibit 2 is a true and correct copy of the only information I received from Cascades in response to the July Summons.

In reviewing the redacted Exhibit 2, the Court notes, as did Judge Bush, that Cascades did provide more than just confirmation of the existence of an account. Cascades provided a Customer Information File Inquiry report which included the name, the address, the type of account (business checking), the account number, the tax identification number, the type of deposits into the account (direct), and the balance of the account as of the date of inquiry in the amount of $18,421.85. This is clearly more information than the July Summons, Exhibit 1, requested which was limited to: "Provide a listing of all accounts held in the name of and/or for the benefit of MARCON, INC. at any time during the calendar year 2005." However, the IRS Agent's declaration confirms the IRS did not receive detailed banking records on the account as a result of the July Summons.

This Court agrees with the Magistrate Judge that based on the information specifically requested in the July Summons (confirmation of the existence of any MarCon accounts in 2005), the IRS had no duty to provide notice of the July Summons to Petitioners. Arguably, had the IRS requested in the July Summons the detailed account information Cascades

ORDER - Page 5
10ORDERS\MARCON_RNR

provided, notice would have to have been given to MarCon. But that is not the factual situation before this Court.

Nor is the IRS agent prevented from using the additional information voluntarily provided in response to the July Summons by Cascades when determining whether the IRS would issue the December Summons. Any complaint that the information provided exceeded the scope of the July Summons should be raised with Cascades, not the IRS Agent.

The Petitioners argue in the alternative that an evidentiary hearing should be held to examine in more detail what the IRS agent knew about the Cascades account when he issued the July Summons. The Court declines such a request. The motivation for the July Summons has been adequately explained in the IRS agent's declaration and there is no evidence before this Court that the IRS agent knew the Cascades account number prior to issuing the July Summons.

This Court is not interested in fishing expeditions or speculation on the part of Petitioners. Evidentiary hearings are only appropriate in exceptional circumstances and this Court does not find that exceptional circumstances have been established by the Petitioners to justify an evidentiary hearing. *See Stewart v. United States*, 511 F.3d 1252, 1254 (9th Cir. 1985). Moreover, a limited hearing is only proper where the petitioners have refuted the *Powell* factors with "specific facts and evidence" of bad faith and that has not been done by Petitioners in this case. *See Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999). The request for an evidentiary hearing is denied.

Having found the issuance of the July Summons satisfies *Powell*, the Court need not address Petitioners' claim that the December Summons, to which the Petitioners admit they received notice of, was the fruit of the poisonous tree and should be quashed.

Order

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation entered on November 19, 2009 (Docket No. 18) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Summarily Deny the Petition to Quash IRS Summons (Docket No. 12) is GRANTED; Petitioners' Petition to Quash IRS Summons (Docket No.1) is DENIED; and the case is DISMISSED IN ITS ENTIRETY.

DATED: **April 27, 2010**

Honorable Edward J. Lodge
U. S. District Judge